IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK DAVID COLEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MINERAL COUNTY, DETENTION OFFICER BRANDY TAYLOR,<br><br>Defendants. | CV 15-0005-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Mark David Coleman's Amended Complaint. Although he does not set forth the exact cause of action or constitutional nature of his claim, *see* (doc. 8 at 4), the Court construes Coleman's claim regarding the conditions of his confinement as a pretrial detainee as a claim under the Due Process Clause of the Fourteenth Amendment. The Complaint should be dismissed.

**I. Background**

Upon screening Coleman's original complaint pursuant to 29 U.S.C. § 1915, 1915A, the Court found the complaint failed to adequately allege a due process claim because it did not set forth sufficient factual allegations to demonstrate that

1

the jail conditions foisted upon him "amounted to punishment" pursuant to *Bell v. Wolfish*, 441 U.S. 520, at 535-37 (1979). (Doc. 6).

Coleman has now filed an amended complaint but it fails to address the deficiencies set forth in the Court's prior order. In fact, Coleman actually provides less information in his amended complaint than was provided in the original complaint. Specifically, Coleman advances a single claim against Mineral County Detention Officer Brandy Taylor, alleging she did not allow him to shower or exercise from December 24, 2015 to December 28, 2015. (Doc. 8 at 4).

### III. Screening Pursuant to 28 U.S.C. § 1915, 1915a

Because Coleman is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune."

Coleman was advised in the Court's prior order that he had failed to state a claim based upon his conditions of confinement. He has still failed to state a claim for relief.

It does not appear that the temporary deprivations for a four-day period

2

amounted to more than a *de minimis* deprivation. Had these deprivations continued over a long term, they could potentially be unconstitutional, however, brief restrictions and temporary inability to continue with scheduled activities do not "exceed the inherent discomforts" of normal life, much less of incarceration. *Chappell v. Madeville*, 706 F. 3d 1052, 1060 (9th Cir 2013).

### A. Shower Deprivation

Further, there is no constitutional right to frequent showers. "[I]t is hardly inhuman or uncivilized to shower less commonly as any intentional tourist can attest." *Clark v. Williams*, 2011 WL 304585 *2 (D. Nev. 2011); *see also Davenport v. DeRobertis*, 844 F. 2d 1210, 1216 (7th Cir. 1988)(an inmate experiencing a 90-day lockdown had no right to three showers per week, noting "importance of a daily shower to the average American is cultural rather than hygienic."); *see also Barnes v. Cty of Monroe*, 85 F. Supp. 3d 696, 734 (W.D.N.Y. 2015)(collecting cases in which that Circuit has rejected claims of shower and exercise deprivation for less than a two-week duration). Here, even if it is true that Coleman was denied showers for a four-day period of time, this deprivation does not rise to a constitutional violation of federal law.

### B.    Exercise Deprivation

It has been established that exercise is one a basic necessity, and that the

3

Fourteenth Amendment requires pretrial detainees not be denied adequate opportunities for exercise without legitimate governmental objective. *Pierce v. County of Orange* 526 U.S. F. 3d 1190, 1212 (9th Cir. 2008), *citing Bell*, 441 U.S. at 538. The amount of adequate exercise varies depending on the facility and the length of stay of the detainees. Although the Ninth Circuit has not established a minimum amount of time exercise must be afforded to detainees such as those in *Pierce* spending the majority of their time inside their cells, in *Pierce* the Circuit stated that detainees spending 22 hours per day in their cells must be provided with at least two hours of exercise each week. *Id.* at 1213.

While Coleman maintains for four days in a one-week period he was denied exercise, he does not explain what occurred during the other three days in the week. There is no reason to believe that this deprivation extended beyond the four-day period at issue. Thus, Coleman has not established a constitutional violation in relation to his lack of exercise.

### C. Punishment

Moreover, under the Due Process Clause, pretrial detainees have a right against jail conditions or restrictions that "amount to punishment." *Bell*, 441 U.S. at 535-7. The right is violated if restrictions are "imposed for the purpose of punishment," but there is no constitutional infringement if the restrictions are "but

4

an incident of some other legitimate government purpose." *Id.* At 535.

Coleman has failed to set forth sufficient factual allegations to establish that his conditions of confinement amounted to punishment. He has simply stated that for a discrete four day period of time, he was kept in his cell and denied recreation or a shower. Coleman has advanced no other allegations of similar treatment during his detention or a pattern of practice on the part of other Mineral County detention officers. "To constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Demery v. Arpaio*, 378 F. 3d 1020, 1030 (9th Cir. 2004). Determining whether a certain condition or restriction amounts to punishment in a constitutional sense requires examining if there is an alternate purpose for the restriction.

> If a particular condition or restriction of pre-trial detention is reasonably related to a legitimate governmental objective, it does not without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal- if it arbitrary or purposeless- a court permissibly may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees.

*Bell*, 441 U.S. at 539 (*quoting Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). Legitimate non-punitive governmental objective include "maintaining security and order" and "operating the [detention facility] in a manageable

5

fashion." *Pierce v. County of Orange*, 526 F. 3d 1190, 1205 (9th Cir. 2008).

By his own admission, it appears that Coleman had been hostile toward or, at a minimum, had failed to follow protocol when he directed profanities at Officer Taylor. There is reason to believe that the restriction Coleman now challenges was rationally related to the detention facility's policy or desire to maintain order and security in the facility. *See, e.g. Valdez v. Rosenbaum*, 302 F. 3d, 1039, 1046 (9th Cir. 2002). Because the condition place upon Coleman appears to be reasonably related to a governmental objective, it does not amount to "punishment." Coleman has provided no information in his amended complaint that would lead the Court to determine otherwise.

This claim should be dismissed.

**IV. Conclusion**

Coleman has failed to state a claim upon which relief may be granted. He was advised of the defects in his original complaint and given an opportunity to correct these defects by filing an amended complaint. The allegations in the amended complaint still fail to state a claim upon which relief may be granted. This matter should be dismissed.

**"Strike" under 28 U.S.C. §1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Coleman has failed to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaints filed in this case are frivolous as they lack arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Coleman failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Coleman may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2016.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.