IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| MARK DAVID COLEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MINERAL COUNTY, DETENTION OFFICER BRANDY TAYLOR,<br><br>Defendants. | CV 16–05–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on May 5, 2016, recommending dismissal of Plaintiff Mark David Coleman's ("Coleman") Complaint. Coleman failed to timely object to the Findings and Recommendations, and so waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed the Findings and Recommendations, the Court agrees with

Judge Lynch's recommendation that Coleman's Complaint should be dismissed because: (1) there is no constitutional right to shower frequently; (2) Coleman fails to show that his lack of exercise for the isolated four day period establishes a constitutional violation; and (3) he fails to establish that his conditions of confinement were imposed as a punishment.

There being no clear error in Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 9) are ADOPTED IN FULL.

(2) This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaints filed in this case are frivolous as they lack arguable substance in law or fact.

(4) The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Coleman failed

to state a claim upon which relief may be granted.

Dated this 2nd day of June, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court